UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE GUILLERMO SOTOLONGO,

Plaintiff,

v.

T. JONES, *et al.*,

Defendants.

Case No.  2:26-cv-1295-JDP (P)

ORDER

Plaintiff, a state prisoner proceeding without counsel, alleges that defendants violated his First and Eighth Amendment rights when they used excessive force against him in retaliation for his protected conduct.  The substance of the complaint appears to state cognizable claims, but plaintiff has failed to adequately allege how each of the named defendants was involved in the violation of his rights.  I will dismiss the complaint with leave to amend so that plaintiff may remedy this deficiency.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that on an uncertain date, unnamed custody officers entered his cell and began to beat him without cause. ECF No. 1 at 4. He claims that this use of force was undertaken in retaliation for accusations of sexual misconduct against unnamed staff members. *Id.* at 5. Plaintiff names six defendants, but other than defendant Caruso, whom plaintiff alleges looked the other way while the use of force occurred, *id.*, there is no indication of what each defendant allegedly did. It may be that he is alleging that each directly participated in the use of force and retaliation, but he has not alleged as much, and I decline to infer allegations that have not been made. Additionally, plaintiff alleges that medical staff were also a part of the campaign

2

of retaliation against him, *id.* at 6, but none of the defendants named is associated with medical staff. Thus, it is unclear who or how many defendants are alleged to have retaliated against him by failing to provide medical care.

I will dismiss the complaint with leave to amend so that plaintiff may remedy these deficiencies. He is advised that an amended complaint will entirely supersede the current complaint and must be complete in itself. It must be submitted on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   May 4, 2026
                                                            _____
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE

3