UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE GUILLERMO SOTOLONGO,<br>Plaintiff,<br>v.<br>T. JONES, *et al.*,<br>Defendants. | Case No. 2:26-cv-1295-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, alleges that various defendants violated his constitutional rights in connection with an excessive force incident at California State Prison-Sacramento ("CSP-SAC"). After review of the amended complaint, I find that plaintiff has stated potentially cognizable Eighth Amendment excessive force claims against defendants T. Jones, A, Moriera, A. Acuna, M. Phelps, C. Perales, and Caruso based on their alleged use of force against him on September 14, 2022. ECF No. 7 at 4. By contrast, plaintiff's retaliation and inadequate medical care claims are, for the reasons stated below, inadequate to proceed. Plaintiff may elect to proceed only with his excessive force claims, or delay serving any defendant and file another amended complaint.

Screening Order

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

Plaintiff alleges that, on September 14, 2022, at CSP-Sacramento, defendants T. Jones, A, Moriera, A. Acuna, M. Phelps, C. Perales, and Caruso, all correctional officers, used excessive force against him inside his cell. ECF No. 7 at 4. The excessive force claims against these officers are, for screening purposes, cognizable.

Next, plaintiff brings a confusingly worded First Amendment retaliation claim, wherein he

alleges that he filed prison grievances concerning being sexually assaulted and officers being present "inside another facility." *Id.* at 5. In a claim that bears no obvious relation to his excessive force claim, he alleges that defendants Moriera and Acuna called him a sex offender in front of other inmates on August 26, 2022. *Id.* Another unrelated retaliation claim concerns a July 2022 rules violation report for tampering with food that plaintiff alleges was brought against him for filing grievances. *Id.* These claims are insufficiently articulated insofar as plaintiff does not explain how he knows that defendants' actions were retaliatory. Additionally, the claims appear insufficiently related to the excessive force claim.

Third and finally, plaintiff alleges that, after the excessive force incident on September 14, 2022, medical personnel failed to offer him adequate medical care. *Id.* at 6. This allegation is not cognizable as articulated. First, the complaint is at odds with itself. With respect to his medical care, plaintiff alleges that medical personnel left him naked in his cell. *Id.* But earlier in the complaint, plaintiff states that, after the use of force, he was placed on a gurney. *Id.* at 5. Plaintiff should explain this discrepancy in any amended complaint he chooses to file. Second, the complaint does not adequately allege what each of the three medical defendants (who are not named in the caption of the complaint) did. He lists their names but does not describe what position each held or what role each had in violating his rights. Third, plaintiff appears to allege that these defendants "threatened him with sexual misconduct," but he does not elaborate. It is unclear if this is a separate claim.

Plaintiff may either proceed only with the claims deemed cognizable in this order, or delay serving any defendant and file another amended complaint. If he elects to file an amended complaint, he is advised that it must be complete in itself, filed on the form included with this order, and be titled "Second Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment excessive force claims against defendants T. Jones, A, Moriera, A. Acuna, M. Phelps, C. Perales, and Caruso or, within that same time, file an amended complaint with the

understanding that doing so will delay service of any defendant. If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for the aforementioned defendants.

2. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: September 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE